

**FILED & ENTERED**

DEC 28 2012

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** sumlin    **DEPUTY CLERK**

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>Guillermina Loza,<br><br><br><br>Debtor(s). | Case No.: 2:12-bk-26680-NB<br><br>CHAPTER 13<br><br>**ORDER DENYING MOTION TO AVOID JUNIOR LIEN HELD BY JPMORGAN CHASE BANK, N.A.**<br><br>Date:    December 13, 2012<br>Time:    2:00 PM<br>Courtroom: 1545 |

At the above-captioned time and place a continued hearing was held on the debtor's motion to avoid a junior lien held by JPMorgan Chase Bank, N.A. ("JPMorgan") that is secured by the debtor's principal residence (the "Motion"). Appearances were as noted on the record.

At the end of the hearing the parties suggested that the matter be taken under submission without the expense of an evidentiary hearing, and that a valuation finding be made solely on the written record. Based on the appraisal filed by the debtor in support of the Motion (dkt. 23, ex. D), the appraisal filed by JPMorgan in opposition to the Motion (dkt. 40), and the other papers filed by the parties, the Court makes the following findings of fact and conclusions of law.

(1)    <u>Applicable law</u>. Under *In re Lam*, 211 B.R. 36 (9th Cir. BAP 1997), a claim

secured by an entirely "under water" lien may be characterized as an unsecured claim for purposes of its treatment under a chapter 13 plan. Accordingly, the key issue is whether or not the value of the debtor's principal residence exceeds the dollar amount of senior liens.

(2)  <u>Senior lien</u>. The debtor's motion lists the dollar amount of a senior lien as **$248,640.50** (dkt. 23 para. 3.a.(1)). That dollar amount is supported by a copy of the senior lienholder's proof of claim filed on July 2, 2012 (id. Ex. A) and JPMorgan has not contested that amount.

(3)  <u>Competing appraisals</u>. The debtor asserts a value of $240,000 as of April 20, 2012. *See Debtor's Appraisal, Ex. D to Motion* (dkt. 23 Ex. D). JPMorgan asserts a value of $345,000 as of September 27, 2012. *See JPMorgan's Appraisal, Ex. to Decl. of Otto Krebs* (dkt. 40). Although the appraisals assert very different valuations, each one of them is well presented and facially plausible. In addition, many of the usual factors that might weigh heavily for or against an appraisal are not presented in this case. For example, if the properties used by the appraisers for comparison with the subject property ("Comparables") were to be based substantially on out-of-date or distressed sales, then the sales data might not be sufficiently reliable, but neither appraisal is particularly susceptible to that criticism. Nevertheless, there are some notable differences between the appraisals.

(4)  <u>Proximity of Comparables</u>. The Comparables used by the debtor's appraiser are between 0.17 miles and 0.82 miles away from the subject property. The Comparables used by JPMorgan's appraiser are significantly further away: between 1.04 miles and 1.65 miles away from the subject property. This difference weighs in favor of the debtor.

(5)  <u>Appraiser's Credibility and Experience</u>. Neither appraiser testified, and the appraisals are both credible, so those considerations do not cut either way. JPMorgan's appraiser, Otto Krebs, declares that he has 19 years of experience conducting appraisals. Dkt. 40. Although the debtor's appraiser, Gary M. Pickering,

does not indicate the extent of his experience as an appraiser, his license is dated July 11, 2011.  Dkt. 23, Ex. 4.  This difference weighs in favor of JPMorgan.

   (6) <u>Adjustments for Bed and Bath Counts and Square Footage</u>.  The subject property has two units:  a three bedroom-two bathroom unit and a two bedroom-one bathroom unit.  Both appraisers adjusted their Comparables to account for different bedroom/bathroom counts or different square footage.  The debtor's appraiser made adjustments of $5,000 for bathroom differences, $10,000 for bedroom differences, and other dollar amounts for differences in the gross building area and sites' square footage.  JPMorgan's appraiser made similar adjustments but gave substantially less weight to the bedroom and bathroom counts.  In the circumstances presented, including the likely needs and desires of renters in this neighborhood, the approach taken by the debtor's appraiser is somewhat more persuasive on this issue.

   (7) <u>Accounting for Uniqueness of Location</u>.  The debtor's appraiser noted that the subject property is located in an area where there is aircraft noise and he made adjustments when appropriate for the Comparables.  JPMorgan's appraiser did not specifically note or address this factor.  This factor weighs in favor of the debtor.

   (8) <u>Condition of Comparables</u>.  The debtor's appraiser indicates that the subject property is in "average" condition and JPMorgan's appraiser lists the property in "good" condition.  Judge Bason believes that the condition of the property is important, but also understands that there is a large gray area when it comes to determining if a property is average, slightly inferior, above average, good, or any other number of descriptors.  For these reasons and because both the debtor's appraiser and JPMorgan's appraiser used Comparables that they list in roughly the same condition as the subject property, this factor does not weigh in favor of either party.

\\

1  Based on the foregoing, the appraisal filed by the debtor is more persuasive and
2 the Court finds that the fair market value of the subject property is **$270,000.00**.
3 Nevertheless, because the amount owed on the senior lien is **$248,640.50**, the junior
4 lien held by JPMorgan is at least partially secured and cannot be avoided. Accordingly,
5  IT IS ORDERED that the Motion is denied.

###

DATED: December 28, 2012

_____
United States Bankruptcy Judge

-4-

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*): **_ORDER DENYING MOTION TO AVOID JUNIOR LIEN HELD BY JPMORGAN CHASE BANK, N.A._** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner stated below:

**1. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)** – Pursuant to controlling General Orders and LBRs, the foregoing document was served on the following persons by the court via NEF and hyperlink to the judgment or order. As of (*date*) **12/20/12**, the following persons are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email addresses stated below.

- Kathy A Dockery (TR)    efiling@CH13LA.com
- Ali R Nader    ali@naderlawfirm.com, chris@naderlawfirm.com;naderlawfirmencino@gmail.com;amir@naderlawfirm.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Darlene C Vigil    cdcaecf@bdfgroup.com
- Kristin S Webb    bknotice@rcolegal.com
- Edward T Weber    bknotice@rcolegal.com

☐ Service information continued on attached page

**2. SERVED BY THE COURT VIA UNITED STATES MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States mail, first class, postage prepaid, to the following persons and/or entities at the addresses indicated below:

**Debtor:**
Guillermina Loza
4216 W. 104th St.
Inglewood, CA 90304

☐ Service information continued on attached page

**3. TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by United States mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following persons and/or entities at the addresses, facsimile transmission numbers, and/or email addresses stated below:

☐ Service information continued on attached page